# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HERMITAGE INSURANCE COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:05-CV-1569-VEH ) |
| **ALFRED KELLY, et al.**, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

Plaintiff Hermitage Insurance Company ("Hermitage") initiated this declaratory judgment action (Doc. #1) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Act"), against Defendants Alfred Kelly, Kathleen Kelly (collectively, the "Kellys"), and Michael F. Newby d/b/a Michael F. Newby Construction (collectively "Newby") on July 21, 2005.  In this lawsuit, Hermitage seeks a determination regarding its rights and duties owed to Newby under two commercial general liability ("CGL") insurance policies.

Pending before the court is Plaintiff's Motion for Summary Judgment (Doc. #12) filed on July 14, 2006.  As discussed more fully below, Plaintiff's case is due to be dismissed without prejudice as premature pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure. Alternatively, a dismissal without prejudice is appropriate in the court's exercise of its express discretion afforded under the Act against hearing Plaintiff's complaint. Accordingly, under such circumstances, Plaintiff's Motion for Summary Judgment is due to be termed as moot.

## II.     STANDARD ON SUMMARY JUDGMENT

Courts should grant summary judgment when "there is no genuine issue of material fact . . . and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party always bears the initial responsibility of informing the district court about the grounds of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In deciding whether the movant has met this burden, the court must examine the facts in the light most favorable to the non-moving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Once the moving party has met this burden, the non-movant must then present evidence establishing that there is a genuine issue of material fact that precludes the entry of judgment as a matter of law in favor of the movant. *Celotex*, 477 U.S. at 325.

**III.   STATEMENT OF FACTS**[1]

Plaintiff's declaratory judgment action arises out of an underlying state court action (the "Underlying Case")[2] filed in the Circuit Court of Madison County, Alabama, on February 9, 2005, by the Kellys against Newby and fictitious parties. AF No. 3.[3]  The Underlying Case relates to a home that the Kellys purchased from Newby.  AF No. 6.

More specifically, in the state court complaint the Kellys state that on July 12, 2003, they entered into an agreement with Newby for the purchase of their home.  AF No. 6.  The Kellys maintain that upon their occupancy of the home, they discovered defects in the windows that led to the intrusion of air, water, and insects.  AF No. 7.1. After several reports to Newby, and several unsuccessful repair attempts, the Kellys replaced the windows at their own expense.  AF No. 7.2.  The Kellys also assert that

---

[1] As this case involves a dispute over insurance coverage and the underlying state court case is still in its initial stages, the following statement of facts is primarily based upon the allegations and claims asserted by the Kellys against Newby in state court.

[2] The specific number assigned to the Underlying Case in state court is CV 05-249-BEW.

[3] The designation "AF" stands for admitted fact and indicates a fact offered by Hermitage that Newby has admitted in his written opposition to summary judgment. The court's numbering of admitted facts (*e.g.*, AF No. 1) corresponds to the numbering of Hermitage's Statement of Facts as set forth in Doc. #12 and responded to by Newby in Doc. #13.

they discovered portions of the ceilings of the home that were warped and sagging. AF No. 8. In March 2004, they discovered the home was defectively framed such that it failed to meet the standards for new home construction. AF No. 8.

As for the specific claims in the Underlying Case, the Kellys allege that Newby fraudulently suppressed latent defects, and negligently, recklessly, innocently and/or willfully misrepresented the manner in which the house would be built. (Doc. #13 at Tab A). The complaint further asserts that Newby breached the implied warranty of habitability, implied warranty of good workmanship, express warranty, and contract. (*Id.*). The complaint also asserts that Newby violated the Alabama Deceptive Trade Practices Act. (*Id.*). The Kellys allege that as a result of Newby's conduct in the construction and sale of their home, they were induced to purchase a residence that they would have otherwise not purchased, their home has suffered a diminution in value, they have incurred significant repair costs, and they have suffered, and will continue to suffer, emotional distress and mental anguish. (*Id.*). The Kellys seek both compensatory and punitive damages. (*Id.*).

After receiving notice of the Kellys' claim, Hermitage agreed to defend Newby under a reservation of rights. AF No. 4. On July 21, 2005, Hermitage filed the related insurance coverage action that is before this court. (Doc. #1). In its prayer for relief, as well as in its Motion for Summary Judgment, Hermitage asks the court

to declare that it be excused from its duty to defend and indemnify Newby under the CGL policies issued by Hermitage to Newby. (Doc. #1; Doc. #12).

## IV.  ANALYSIS

### A.  Duty to Defend

#### 1.  Justiciability Requirements

As an initial matter, Newby avers that because liability has not been established in the Underlying Case, this lawsuit, which asks for the court's determination of Hermitage's duty to defend and indemnify, is premature, or not ripe for review, as these issues may be made moot by the judgment in state action. The Constitution limits the exercise of federal judicial power to "cases" and "controversies." U.S. Const. Art. III § 2. This requirement applies equally to cases asserted under the Act. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (finding that the Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision, [and thus] is operative only in respect to controversies which are such in the constitutional sense").  As a result, federal courts are unable to hear disputes which are not ripe for review.  Whether an insurer has a duty to defend is generally considered a ripe case for declaratory relief. *Ex parte Alfa Mut. Ins. Co.*, 921 So. 2d 418, 419-20 (Ala. 2005) (citing *Smith v. North River Insurance Co.*, 360 So. 2d 313 (Ala. 1978)).  However, in contrast to this general rule and as explained

more fully below, the circumstances of this particular case do not present the court with a ripe dispute on Hermitage's duty to defend.

### a. Alabama law governing the duty to defend

Under Alabama law, the duty to defend is greater than the duty to indemnify. *See Ladner & Co. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977) ("If the allegations of the injured parties' complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured."); *see also Chandler v. Alabama Mun. Ins. Co.*, 585 So. 2d 1365, 1367 (Ala. 1991) (same) (internal citations omitted). Additionally, "[w]hen a complaint alleges both acts covered under the policy and acts not covered, the insurer is under a duty to at least defend the allegations covered by the policy." *Acceptance Ins. Co. v. Brown*, 832 So.2d 1, 14 (Ala. 2001) (citations omitted).

An insurance company's duty to defend its insured from suit is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured.[4]  *Alfa Mutual Ins. Co. v. Morrison*, 613 So. 2d 381, 382 (Ala.

---

[4] "'Under the *Erie* doctrine, a federal court adjudicating state law claims applies the substantive law of the state.'" *Sphinx Intern., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005) (quoting *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1232 (11th Cir. 2004) (citations omitted)).

1993); *Ladner*, 347 So. 2d at 102 (Ala. 1977). Generally, an insurer owes no duty to defend, if the complaint fails to aver a covered accident or occurrence. *Id.; see also Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So.2d 1006, 1010 (Ala. 2005) ("The insurer owes no duty to defend only if neither does the complaint against the insured allege a covered accident or occurrence nor does the evidence in the litigation between [the injured person] and the insured prove a covered accident or occurrence.").

However, "[w]here the allegations of the complaint show that no injury alleged is within the coverage of the policy, . . . or where the allegations are ambiguous, 'the court is not limited to the bare allegations of the complaint . . . but may also look to facts which may be proved by admissible evidence.'" *Guar. Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1513 (M.D. Ala. 1996) (quoting *Chandler v. Alabama Mun. Ins. Co.*, 585 So. 2d 1365 (Ala. 1991)). Similarly, "[i]f the complaint against the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves so, then the insurer likely owes the duty to defend." *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1065 (Ala. 2003).

---

Moreover, the substantive law of the state governs the interpretation of insurance contracts. *Provau v. State Farm Mut. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985). Hence, the insurance contract issues in this case are governed by Alabama law.

>    **b.    The record is not sufficiently developed from an evidentiary standpoint for the court to make a determination on Hermitage's duty to defend due to the mix of claims alleged by the Newbys in the Underlying Case.**

In support of its Motion for Summary Judgment, Hermitage maintains that it is entitled to judgment as a matter of law because no claims constitute occurrences within the meaning of the CGL policies[5] or alternatively, the claims are excluded under the CGL policies.[6]  In the Underlying Case, the Kellys have alleged both intentional and unintentional claims, including innocent and reckless misrepresentations and negligent and wanton construction.[7]  Additionally, the Kellys seek recovery for emotional distress and mental anguish damages.

Therefore, based upon the allegations only and in the absence of any evidence relating to these allegations, the court sees the potential for both covered and

---

[5] An occurrence is defined under the CGL policies as "an accident including continuous and repeated exposure to substantially the same general harmful conditions."  AF No. 15.

[6] While Hermitage references several exclusions, the one that it primarily focuses upon on summary judgment is the expected or intended injury exclusion, which excludes coverage for "'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured."  AF No. 18.

[7] Proof of intent is not required to support a claim of wantonness.  *Tapscott v. Allstate Ins. Co.*, 526 So.2d 570, 574 n.3  (Ala. 1988) (citations omitted).

uncovered claims under the language of the CGL policies. The same roadblock applies to the court's ability to assess Hermitage's exclusion arguments. In this type of situation, the court does not envision how it can determine the scope of Hermitage's duty to defend in the absence of a more developed factual record pertaining to the claims in the Underlying Case, especially in light of the above Alabama case law which acknowledges that a consideration of the underlying evidence is permissible and in fact may be necessary when a court is evaluating an insurer's duty to defend. Accordingly, the court concludes that Hermitage's declaratory judgment action seeking to excuse it from any duty to defend under the CGL policies is premature, and is due to be dismissed.

### 2. Discretion Under the Act

Moreover and alternatively, courts have great discretion in the exercise of jurisdiction under the Act. The Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration," 28 U.S.C. § 2201 (emphasis added), and therefore it is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Commission v. Wycoff Co.*, 344 U.S. 237, 241 (1952).

Against this backdrop, this court must determine whether it is appropriate to assert jurisdiction under the Act over Plaintiff's duty to defend Newby in the

Underlying Action. The court believes that to the extent a ripe controversy does exist on Hermitage's duty to defend, a determination by this court of its scope is not judicially efficient based upon the record before the court. More specifically, too much uncertainty exists as to the true evidentiary nature of the Kellys' claims, making any judicial determination on Hermitage's duty to defend highly speculative and subject to revision as the record in the Underlying Case develops further. Therefore and alternatively, the court declines to exercise its judicial discretion under the Act relating to Hermitage's duty to defend declaratory claim because to do so at this early stage would be a waste of judicial resources.

### B.     Duty to Indemnify

As noted above, this court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies." U.S. Const. art. III, § 2. The court agrees with the Middle District of Alabama's finding that "a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Guaranty Nat. Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514 (M.D. Ala. 1996) (citing *Ladner*, 347 So.2d at 104)). The court notes that Newby could prevail in the state court lawsuit underlying this case, which would render moot the issue of the duty to indemnify. In

addition, if the court permitted this case to go forward and such a result in the Underlying Case was achieved, there would be a waste of the judicial resources expended on this case.

Accordingly, this court also determines that the issue of indemnification – the only remaining claim in the declaratory judgment action – is not sufficiently ripe to present a "case" or "controversy" and, therefore, Plaintiff's claim regarding its duty to indemnify is not ripe for adjudication. *See Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

Alternatively, and in any event, the court declines to exercise its discretion under the Act to resolve this matter, due to the underdeveloped nature of the Underlying Case. Therefore, the court will similarly dismiss Hermitage's duty to indemnify declaratory claim.

## V.   CONCLUSION

As analyzed above, the claims set forth in Hermitage's declaratory judgment action are not ripe for review due to the underdeveloped factual record of the Underlying Case. Alternatively, the court declines to exercise its discretion under the Act to decide Hermitage's declaratory claims in the absence of a more developed factual record. The court will enter an order consistent with this Memorandum

Opinion.

    **DONE** and **ORDERED** this the 4th day of October, 2006.

                                      **VIRGINIA EMERSON HOPKINS**
                                      United States District Judge